NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CASIMIRO GUZMAN, AKA Romeo Maldonado,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   15-73743

Agency No. A088-892-267

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2022[**]
San Francisco, California

Before:  HURWITZ and VANDYKE, Circuit Judges, and ERICKSEN,[***] District Judge.

Casimiro Guzman a/k/a Romeo Maldonado (Guzman), a native and citizen of

Mexico, seeks review of a November 13, 2015 decision from the Board of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

Immigration Appeals (BIA) that denied his application for withholding of removal and protection under the Convention Against Torture (CAT).[1] We deny the petition for review.

We have jurisdiction over Guzman's claims under 8 U.S.C. § 1252, and review the agency's denial of withholding of removal for substantial evidence. *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018) ("We review denials of … withholding of removal … for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole.") (internal quotation marks and citation omitted).

Here, substantial evidence supports the BIA's determination that Guzman failed to show he experienced any harm rising to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059–60 (9th Cir. 2009) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992)). Guzman's testimony that his family received threats from a civic group that rivaled one his brother had joined, does not, without more, establish that he experienced any harm rising to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone … constitute past persecution in only a small category of cases, and only when the threats are so

---

[1] Because Guzman did not raise any argument before this court with respect to the denial of his CAT claim, it is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

2

menacing as to cause significant actual suffering or harm.") (internal quotation marks and citation omitted). As Guzman has not established that he experienced any past harm rising to the level of persecution, he is not entitled to a rebuttable presumption of future persecution. *See* 8 C.F.R. §§ 1208.16(b)(1)(i)–(ii). And Guzman's testimony that neither he nor his family, who continue to reside in the same town in Mexico, have experienced any harm undermines the probability of any future persecution. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743–44 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

**PETITION DENIED**.